IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JACKLYN ROSE CATALDO,

    Plaintiff,

v.                                                        No. 1:25-cv-00381-SCY

MONARCH PROPERTIES, LLC,
VICKIE ASTORGA,
VANESSA PINTO and
DOE'S I through XXV,

    Defendants.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

This matter comes before the Court on *pro se* Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed April 16, 2025 ("Complaint"), and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 16, 2025 ("Application").

### Order Granting Application to Proceed *In Forma Pauperis*

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees. "The statute [allowing a litigant to proceed *in forma pauperis*] was intended for the benefit of those too poor to pay or give security for costs . . . ." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one cannot because of his

poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff's average monthly income during the past 12 months is $1,168.00; (ii) Plaintiff's monthly expenses total $756.00; and (iii) Plaintiff has $33.82 in cash and a bank account. The Court agrees that Plaintiff is unable to pay the costs of this proceeding because her total monthly expenses do not substantially exceed her low monthly income.

**Order to Show Cause**

Plaintiff leases an apartment in a complex which is managed by Defendant Monarch Properties, LLC ("Monarch"), a company contracted by the City of Albuquerque. *See* Complaint at 1. Defendants Pinto and Astorga are employees of Monarch. *See* Complaint at 2-3. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 and state law based on Defendants' alleged restriction of Plaintiff's speech and for retaliating against Plaintiff. Plaintiff seeks compensatory and punitive damages, and an order enjoining Defendants from retaliating against unidentified witnesses. *See* Complaint at 15-16. Having reviewed the Complaint, the Court notes several deficiencies.

First, it appears this case is duplicative of another lawsuit filed by Plaintiff. Plaintiff previously filed another case against Monarch, Pinto, and Astorga asserting claims pursuant to 42 U.S.C. § 1983 based on some of the same facts alleged in this case. *See* Doc. 1, filed March 19, 2025, in *Cataldo v. Monarch Properties, Inc.*, No. 1:25-cv-00287-LF-KK ("*Cataldo I*"). "District courts have discretion to control their dockets by dismissing duplicative cases." *Katz v.*

*Gerardi*, 655 F.3d 1212, 1217-18 (10th Cir. 2011); *see also Park v. TD Ameritrade Trust Co., Inc.*, 461 F. App'x 753, 755 (10th Cir. 2012) ("District courts are accorded a great deal of latitude and discretion in determining whether one action is duplicative of another, but generally, a suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions"). Bringing related claims in multiple lawsuits before other Judges "waste[s] scarce judicial resources and undermines the efficient and comprehensive disposition of cases." *Katz*, 655 F.3d at 1217.

Second, Plaintiff, who is proceeding pro se, appears to bring claims on behalf of others. Plaintiff alleges that some other residents of the apartment complex have complained to Defendant Astorga that they want to break their lease agreement because Monarch and the City "have purposely deceived and fraudulently induced us to sign our lease agreements under these false pretenses knowing you are not providing these services and amenities as promised." Complaint at 10-11. Plaintiff seeks an order enjoining Defendants Monarch, Astorga, Pinto and Does I-XXV from retaliating against the other resident witnesses. *See* Complaint at 15. However, "[a] litigant may bring [her] own claims to federal court without counsel, but not the claims of others." *Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000).

Thus, the Court orders Plaintiff to show cause why the Court should not dismiss this case as duplicative of *Cataldo I*. Plaintiff must show: (i) that the claims in this case differ significantly from those in *Cataldo I;* and (ii) why any new claims Plaintiff is bringing in this case that are not duplicative of her claims in *Cataldo I* cannot be brought in an amended complaint in *Cataldo I*. The Court also orders Plaintiff to show cause why the Court should not dismiss her claims seeking injunctive relief for the unidentified resident witnesses.

### Service on Defendants

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to show cause. The Court will address service after this Order to Show Cause is resolved.

### Case Management

Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov

### Compliance with Rule 11

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;

**(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

**(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i) Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed April 16, 2025, is **GRANTED.**

(ii) Plaintiff shall, within 21 days of entry of this Order show cause why the Court should not dismiss this case. Failure to timely show cause may result in dismissal of this case.

_____
**UNITED STATES MAGISTRATE JUDGE**